Anita G. Manishan; OSB 86357
420 Pacific Building
520 SW Yamhill Street
Portland, OR 97204-1306
Phone: (503) 242-1162

Attorney for Debtor-in-Possession

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| In re | ) | Case No. |
| | ) | |
| ORCHARDS VILLAGE INVESTMENTS, LLC | ) | APPLICATION TO EMPLOY |
| | ) | COUNSEL FOR |
| _____Debtor-in-Possession_____ | ) | DEBTOR-IN-POSSESSION |

Orchards Village Investments, LLC (OVI) the Debtor-in-Possession (DIP), hereby applies to employ as its attorney Anita G. Manishan to provide services, including the following:

1) Assistance and advice concerning the powers and duties of the DIP;

2) Preparation of the necessary applications, motions, orders and reports and other legal documents in connection with the case and its administration;

3) Services for other matters necessary for the DIP.

The proposed rate of compensation is Ms. Manishan's customary and usual rate of $220 per hour.

Ms. Manishan is a disinterested person and does not represent or hold any interest adverse to the interests of the estate, and has not represented OVI in the past, and has not in the past and does not now represent any insider of the DIP, as appears by certification being filed herein.

Page 1 - APPLICATION TO EMPLOY COUNSEL FOR DEBTOR-IN-POSSESSION

1  ////

2  Wherefore, applicant requests the court enter an order appointing Ms. Manishan attorney
3  for the DIP in this case on the terms set forth in this application nunc pro tunc to the day of
4  filing.

5  Dated this 6th day of February, 2009

6      ORCHARDS VILLAGE INVESTMENTS, LLC

7  /s/ Jeffrey L. Chamberlain
   Jeffrey L. Chamberlain, Manager

Page 2 - APPLICATION TO EMPLOY COUNSEL FOR DEBTOR-IN-POSSESSION

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re                                             )
                                                  ) Case No. _____
                                                  )
                                                  ) RULE 2014 VERIFIED STATEMENT
Debtor(s)                                         ) FOR PROPOSED PROFESSIONAL

1. The applicant is not a creditor of the debtor except:

2. The applicant is not an equity security holder of the debtor.

3. The applicant is not a relative of the individual debtor.

4. The applicant is not a relative of a general partner of the debtor (whether the debtor is an individual, corporation, or partnership).

5. The applicant is not a partnership in which the debtor (as an individual, corporation, or partnership) is a general partner.

6. The applicant is not a general partner of the debtor (whether debtor is an individual, corporation, or partnership).

7. The applicant is not a corporation of which the debtor is a director, officer, or person in control.

8. The applicant is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor.

9. The applicant is not a person in control of the debtor.

10. The applicant is not a relative of a director, officer or person in control of the debtor.

11. The applicant is not the managing agent of the debtor.

12. The applicant is not and was not an investment banker for any outstanding security of the debtor; has not been, within three years before the date of the filing of the petition, an investment banker for a security of the debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the debtor; and is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of such an investment banker.

13. The applicant has read 11 U.S.C. §101(14) and §327, and FRBP 2014(a); and the applicant's firm has no connections with the debtor(s), creditors, any party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, or any District of Oregon Bankruptcy Judge, except as follows:

14. The applicant has no interest materially adverse to the interest of the estate or of any class of creditors or equity security holders.

1114 (10/13/00)    Page 1 of 3

15. Describe details of all payments made to you by either the debtor or a third party for any services rendered on the debtor's behalf within a year prior to filing of this case:

16. The debtor has the following affiliates (as defined by 11 U.S.C. §101(2)). Please list and explain the relationship between the debtor and the affiliate:

17. The applicant is not an affiliate of the debtor.

18. Assuming any affiliate of the debtor is the debtor for purposes of statements 4-13, the statements continue to be true except (list all circumstances under which proposed counsel or counsel's law firm has represented any affiliate during the past 18 months; any position other than legal counsel which proposed counsel holds in either the affiliate, including corporate officer, director, or employee; and any amount owed by the affiliate to proposed counsel or its law firm at the time of filing, and amounts paid within 18 months before filing):

19. The applicant hereby acknowledges that he/she has a duty during the progress of the case to keep the court informed of any change in the statement of facts which appear in this verified statement. In the event that any such changes occur, the applicant immediately shall file with the court a pleading to which the original verified statement filed with the court is attached and which describes, by statement paragraph, those changes which have occurred.

THE FOLLOWING QUESTIONS NEED BE ANSWERED ONLY IF AFFILIATES HAVE BEEN LISTED IN STATEMENT 16.

20. List the name of any affiliate which has ever filed bankruptcy, the filing date, and court where filed:

21. List the names of any affiliates which have guaranteed debt of the debtor or whose debt the debtor has guaranteed. Also include the amount of the guarantee, the date of the guarantee, and whether any security interest was given to secure the guarantee. Only name those guarantees now outstanding or outstanding within the last 18 months:

22. List the names of any affiliates which have a debtor-creditor relationship with the debtor. Also include the amount and date of the loan, the amount of any repayments on the loan and the security, if any. Only name those loans now outstanding or paid off within the last 18 months:

23. List any security interest in any property granted by the debtor to secure any debts of any affiliate not covered in statements 20 and 21. List any security interest in any property granted by the affiliate to secure any debts of the debtor not covered in statements 21 and 22. Also include the collateral, the date and nature of the security interest, the name of the creditor to whom it was granted, and the current balance of the underlying debt:

24. List the name of any affiliate who is potentially a "responsible party" for unpaid taxes of the debtor under 26 U.S.C. §6672:

I verify that the above statements are true to the extent of my present knowledge and belief.

_____
Applicant

ADDENDUM TO LBF 1114 RULE 2014 VERIFIED STATEMENT

16    a) (1) PREFERRED OWNERS
        A) Excelsior Investment Co. - 6.97%, 5.355% Gen'l Parnership between Jeffrey and Donna Chamberlain and Theodore Chamberlain and Faye Chamberlain
        B) Deerpoint Linwood Co. - .62%, .4761%  [90% owned by Excelsior Development Co. (Co-owned by Jeff & Ted Chamberlain)]
        C) Excelsior Care Centers, Inc. - 1.362%; 1.0466% - Co-owned by Jeffrey & Ted Chamberlain
        D) ZALTA West, LLC - 2.134%; 1.6392% - An LLC with 28.7% owned by Jeffrey Chamberlain, 28.7% owned by Donna Chamberlain, 18.7% owned by James and Jodi Guffee (Jeffrey Chamberlain's son-in-law and daughter)

    a) (2) NON-PREFERRED OWNERS
        A) Excelsior Development Co. - 39.064%; 30% Co-owned by Jeffrey & Ted Chamberlain
        B) Jodi Guffee - 8.52%; 6.5432%
        C) Orchards Village Properties, LLC (OVP) - 6.511%, 5% -  OVP is owned by ZALTA III, LLC whose owners are 25% Jeffrey Chamberlain, 25% Donna Chamberlain, 16% James and Jodi Guffee, 32% Other

21    a)  Affiliates that have guaranteed debt of the debtor:
      1)  Pinnacle Bank debt is guaranteed by: Jeffrey & Donna Chamberlain, and James & Jodi Guffee
      2)  Bank of Wyoming debt is guaranteed by: Jeffrey & Donna Chamberlain, Theodore (Ted) and Faye Chamberlain, and Zalta III, LLC

    b) Affiliates whose debt is guaranteed by the debtor: None